[Cite as *State v. Mustafa*, 2015-Ohio-5370.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 15AP-465** |
| v. | : | (C.P.C. No. 13CR-0537) |
| Edreese Mustafa, | : | **(REGULAR CALENDAR)** |
| Defendant-Appellee. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | **No. 15AP-466** |
| | | (C.P.C. No. 13CR-0536) |
| Mohammad Mustafa, | : | |
| | | **(REGULAR CALENDAR)** |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 22, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellant.

*McNamara Law Office, Dennis W. McNamara,* and *Colin E. McNamee,* for appellee.

APPEALS from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state") appeals from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss the charges and indictments against defendants-appellees, Edreese Mustafa and Mohammad Mustafa

("appellees"). Because Ohio law did not clearly define the acts alleged in the indictments as crimes at the times set forth in the indictments, we affirm.

{¶ 2} The appellees were indicted for trafficking and possessing bath salts from their business "The Smoke Shop." In a five count indictment, Mohammad Mustafa was indicted on two counts of trafficking in spice (Counts 1 and 2), one count of aggravated trafficking as a fourth-degree felony (Count 3), one count of aggravated trafficking as a first-degree felony (Count 4), and one count of aggravated possession as a first-degree felony (Count 5).

{¶ 3} Counts 1 and 2 alleged that on February 8 and 15, 2012, Mohammad Mustafa knowingly sold or offered to sell a controlled substance included in Schedule I, to wit: AM2201, which is an analog controlled substance as defined in R.C. 3719.01, commonly known as spice.

{¶ 4} Count 3 alleged that on February 15, 2012, Mohammad Mustafa did knowingly sell or offer to sell a controlled substance included in Schedule I, to wit: a-PVP, which is an analog controlled substance as defined in R.C. 3719.01, commonly known as bath salts.

{¶ 5} Count 4 alleged that on May 2, 2012, Mohammad Mustafa did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance included in Schedule I, to wit: a-PVP, which is an analog controlled substance as defined in R.C. 3719.01, commonly known as bath salts, in an amount equal to or exceeding 50 times the bulk amount but less than 100 times the bulk amount.

{¶ 6} Count 5 alleged that on May 2, 2012, Mohammad Mustafa did knowingly obtain, possess or use a controlled substance included in Schedule I, to wit: a-PVP which is an analog controlled substance as defined in R.C. 3719.01, commonly known as bath salts, in an amount equal to or exceeding 50 times the bulk amount but less than 100 times the bulk amount.

{¶ 7} Edreese Mustafa was indicted as a co-defendant on Counts 2, 3, 4, and 5.

{¶ 8} The appellees filed motions to dismiss contending it was not a crime at the times in question to traffic or possess AM2201 and a-PVP as controlled substance analogs. The state opposed the motions. The trial court granted the motions based on this court's earlier decision in *State v. Smith*, 10th Dist. No. 14AP-154, 2014-Ohio-5303, in which this

court held that in the time period from February 8 to July 25, 2012, R.C. 2925.03 and 2925.11, statutes prohibiting the sale, distribution and possession of controlled substances, did not adequately state a positive prohibition on the sale or possession of controlled substance analogs.

{¶ 9}   *Smith* was followed by *State v. Mohammad,* 10th Dist. No. 14AP-662, 2015-Ohio-1234, in which another panel of this court held that the statutory definition of controlled substance in R.C. 2925.01 did not include or expressly incorporate the definition of a controlled substance analog prior to December 2012, and therefore the trial court properly dismissed a charge relating to possession of bath salts. *Mohammad* was followed by *State v. Mobarak*, 10th Dist. No. 14AP-517, 2015-Ohio-3007, in which another panel of this court held that possession and trafficking of controlled substance analogs had not yet been criminalized as of the time of the offenses charged in the indictment.

{¶ 10} The state is appealing for the fourth time on the same issue, assigning as error the following:

> THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS WHEN THE STATUTORY SCHEME IN EXISTENCE AT THE TIME OF THE OFFENSES PROHIBITED TRAFFICKING AND POSSESSION OF SCHEDULE I SUBSTANCES THAT WERE CONTROLLED SUBSTANCE ANALOGS.

{¶ 11} Once again, the state reiterates that R.C. 3719.013 (effective October, 2011), required that analogs be treated as Schedule I controlled substances for purposes of any provision in the Revised Code. The state contends that this language criminalized possession and trafficking in analogs prior to December of 2012.

{¶ 12} In December of 2012, the General Assembly amended R.C. 2925.03 and 2925.11, to insert controlled substance analog language into the trafficking and possession statutes. The General Assembly also amended R.C. 3719.013 to cross-reference the offenses of trafficking and possession of controlled substance analogs.

{¶ 13} In Ohio, no conduct constitutes a criminal offense against the state unless it is defined in the Revised Code. R.C. 2901.03(A). In order for certain conduct to constitute an offense, one or more sections of the Revised Code must state a positive prohibition or

enjoin a specific duty, and the Revised Code must provide a penalty for violation of such prohibition or failure to meet such duty. R.C. 2901.03(B). At the time the appellees committed the offenses alleged in the indictment, the relevant statutes did not contain the term "controlled substance analogs." Former R.C. 2925.03 and 2925.11 did not adequately state a positive prohibition on the sale or possession of controlled substance analogs. *Smith* at ¶ 12; *Mohammad* at ¶ 8, 13*; Mobarak* at ¶ 9.

{¶ 14} This court's prior decisions in *Smith*, *Mohammad*, and *Mobarak* determine the outcome of this appeal. We are aware that the Twelfth District Court of Appeals has disagreed with our reading of the statutes. *State v. Shalash,* 12th Dist. No. CA2014-12-146, 2015-Ohio-3836. However, for all the reasons discussed in our three previous decisions, we disagree with the analysis of the *Shalash* court and continue to adhere to our precedent.

{¶ 15} The single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J. and SADLER, J., concur.

————————————